**LAW OFFICES OF LEE M. PERLMAN**
1926 Greentree Road, Suite 100
Cherry Hill, NJ 08003
Tel: (856) 751-4224
Fax: (888) 635-5933
Lee M. Perlman, Esq. (LP2353)
*Attorneys for Plaintiff, Inez Savage*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: | Case No.: 05-23247-JHW |
| INEZ SAVAGE | Chapter 13 |
| | Hon. Andrew B. Altenburg, Jr. |
| Chapter 13 Debtor. | Adv. Case No.: |
| INEZ SAVAGE, | |
| Plaintiff, | |
| vs. | |
| VELOCITY INVESTMENTS, LLC and FEIN, SUCH, KAHN & SHEPARD, P.C. | |
| Defendants. | |

**PLAINTIFF'S ADVERSARY COMPLAINT SEEKING DAMAGES IN CORE PROCEEDING**

Debtor/Plaintiff Inez Savage, by and through their undersigned counsel, Law Offices of Lee M. Perlman, Lee M. Perlman, Esq. appearing, complains of the Defendant, Velocity Investments LLC. (hereinafter "Velocity" or "Defendant") and the Law Offices of Fein, Such, Kahn & Shepard, P.C. (hereinafter "Law Office" or "Defendant"), states as follows:

**INTRODUCTION**

1.  This is an action for damages brought by an individual consumer for Defendants'

1

violation of the Discharge Injunction pursuant to 11 U.S.C. § 524, the Fair Debt Collection Practices Act, and Plaintiff's confirmed Chapter 13 Plan.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the District of New Jersey on July 23, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

4. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event Plaintiff consent to the entry of a final order by the Bankruptcy Judge.

5. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code in that the Defendant regularly transacts business in this judicial district. Defendant, Velocity Investment Inc., LLC is a third-party collection agency engaged in business in the State of New Jersey. Defendant, Fein, Such, Kahn & Shepard, P.C. is a law office engaged in business in the State of New Jersey. All of the events underlying this action occurred within the District of New Jersey.

## PARTIES

6. Plaintiff, Inez Savage ("Plaintiff" or "Debtor") is a natural person and is, at all times relevant hereto, the Debtor in the case filed under Chapter 13 of Title 11 of the United States Code bearing the case number 05-23247-ABA (the "Case"). The case has been discharged as of October 18, 2017.

7. Velocity Investments, LLC is a business entity formed and existing under the laws of the State of New Jersey, and is a third-party collection agency. Its principal place of business is located at 1800 State Route 34, Suite 404A, Wall Township, NJ 07719-9147.

8. The Law Offices of Fein, Such, Kahn & Shepard, P.C. is a business entity formed and existing under the laws of the State of New Jersey that provides legal services. Its principal place of business is located at 7 Century Drive, #201, Parsippany, New Jersey 07054.

9. Isabel C. Balboa was the duly appointed Chapter 13 Standing Trustee in this case with an address of 535 Route 38 – Suite 580, Cherry Hill, NJ 08002. Although not a party to this action, the Trustee is a party in interest and will receive notice of the adversary proceeding.

## FACTS COMMON TO ALL COUNTS
**Commencement of the Case, Initial Notice to the Defendant, and the Claims Process**

10. The Debtor commenced her bankruptcy by filing a Chapter 7 voluntary petition on April 21, 2005, with the Clerk of the United States Bankruptcy Court for the District of New Jersey, in the Camden Vicinage under case number 05-23247-ABA. (Attached hereto as Exhibit "1" is a copy of the Notice Commencing Debtor's Chapter 7 Case and the Creditor Matrix List).

11. The Debtor's petition listed Universal Card/Cbsdna, as an unsecured creditor on Schedule F, with a debt of $10,862.00. The creditor had the following account number: 549113039495. (Attached hereto as Exhibit "2" is a copy of Debtor's Schedule F).

12. The Clerk of the Bankruptcy Court in this case caused a written notice of the filing, of the automatic stay, and of the 341 meeting of creditors (to be held on May 27, 2005) to be mailed and/or sent via electronic means to all parties on the master mailing matrix by first class mail and/or via electronic transmission by the Bankruptcy Noticing Center on April 25, 2005, and that such notice was in fact received by creditor AT&T Universal Card. (Attached hereto as Exhibit "3" is a copy of the written notice sent to creditors by the Clerk of the Bankruptcy Court).

13. The Debtor alleges upon information and belief that the notice mailed by the Bankruptcy Noticing Center included the following warning to all creditors:

> "CREDITORS MAY NOT TAKE CERTAIN ACTIONS:
> The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, debtor's property, and certain co-debtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized."

14. The Debtor aver that all of these documents were served on AT&T Universal Card, and received by AT&T Universal Card, including other documents filed in this case. No evidence exists that AT&T Universal Card did not receive notice.

15. On August 29, 2005, Debtor filed a Motion to convert case to a Chapter 13. (Attached hereto as Exhibit "3" is a copy of Debtor's Request to Convert Chapter 7 Case to a Chapter 13 case).

16. On September 19, 2005, Debtor's Motion to Convert Chapter 7 to a Chapter 13 case was granted.

17. On September 22, 2005, the Clerk of the Bankruptcy Court for the Chapter 13

case caused a written notice of the filing, of the automatic stay, and of the 341 meeting of creditors (to be held on October 27, 2005) to be mailed and/or sent via electronic means to all parties on the master mailing matrix by first class mail and/or via electronic transmission by the Bankruptcy Noticing Center, and that such notice was in fact received by creditor AT&T Universal Card. (Attached hereto as Exhibit "5" is a copy of the written notice sent to creditors by the Clerk of the Bankruptcy Court).

18.    On October 4, 2005, Debtor filed her Chapter 13 Plan. (Attached hereto as Exhibit "6" is a copy of Debtor's Chapter 13 Plan).

19.    On October 9, 2005, Notice of Hearing on Confirmation Plan was mailed out to creditors. On the list of creditors was Universal Card/Cbsdna with an address of 8787 Baypine Road, Jacksonville, FL 32256-8519. (Attached hereto as Exhibit "7" is a copy of Notice of Hearing On Confirmation Plan and the creditors' matrix list.)

20.    On March 29, 2006, Debtor's Chapter 13 Plan was confirmed. (Attached hereto as Exhibit "8" is a copy of Order confirming Debtor's Chapter 13 Plan).

21.    On October 18, 2007, the standing Chapter 13 Trustee filed final report for Debtor's Chapter 13 Plan. The report reflects that Defendant, Velocity Investment, is included with a balance due of $0.00. (Attached hereto as Exhibit "9" is a copy of Chapter 13 Trustee's final report).

22.    On or about October 20, 2007, Debtor's Chapter 13 was discharged. On the Certificate of Service, both Universal Card/Cbsdna and Velocity Investment, through their counsel, Ragan & Ragan P.C., were notified of Debtor's discharge order. (Attached hereto as Exhibit "10" is a copy of Debtor's Discharge Order and Certificate of Service).

**Violation of the Discharge Injunction**

23. On or about June 2, 2005, Walter Peter Ragan on behalf of his client, Velocity Investment, filed a lawsuit against Debtor for the amount of $8,714.50. (Attached hereto as Exhibit "11" is a copy of the Special Civil Part Case summary).

24. On or about May 24, 2018, Defendant, Law Offices of Fein, Such, Kahn & Shepard, counsel for Velocity, sent correspondence to Plaintiff regarding the judgment on the discharged debt. (Attached hereto as Exhibit "12" is a copy of the May 24, 2018 dated correspondence).

25. On or about July 16, 2018, the Law Offices of Fein, Such, Kahn & Shepard, P.C., filed a Notice of Appearance as substitution of attorney for the creditor and Defendant to this case, Velocity Investment. (Attached hereto as Exhibit "13" is a copy of the Notice of Appearance).

26. On or about August 7, 2018, Defendant, Law Offices of Fein, Such, Kahn & Shepard, submitted a Writ of Execution on behalf of Velocity Investment, against Plaintiff. (Attached hereto as Exhibit "14" is a copy of the Writ of Execution).

27. On or about December 14, 2018, Plaintiff's Wells Fargo bank account was garnished in the amount of $440.31 and then again for $862.36 based on the Writ of Execution submitted by Defendants. (Attached hereto as Exhibit "15" is a copy of the withdrawal of $440.31 and $862.36 from Plaintiff's Wells Fargo account).

28. On or about December 28, 2018, the Law Offices of Lee M. Perlman on behalf of the Plaintiff, Inez Savage, sent correspondence to Defendant, Law Offices of Fein, Such, Kahn & Shepard, regarding the alleged debt owed to Velocity Investments. (Attached hereto as Exhibit "16" is a copy of the correspondence dated December 28, 2018 sent by Plaintiff's

attorney).

29. On or about January 9, 2019, Defendant, Law Offices of Fein, Such, Kahn & Shepard, P.C., replied to Plaintiff's attorney's December 28, 2018 correspondence. The Defendant advised in its correspondence that they would continue to pursue the judgment against Plaintiff and attached corresponding documents pursuant to the lawsuit submitted by Defendant, Velocity Investments. (Attached hereto as Exhibit "17" is a copy of Defendant's correspondence dated January 9, 2019).

30. Defendant's January 9, 2019 correspondence, provided documentation that makes evident that the lawsuit filed against Debtor, Inez Savage, was on June 2, 2005. Debtor filed her Chapter 13 Bankruptcy petition on April 21, 2005. This was approximately a month prior of the filing of the lawsuit; the original creditor of the debt, AT&T Universal Card, was given adequate notice of the bankruptcy filing by the Bankruptcy Court. (Please see Exhibit "17").

31. Velocity's prior legal representation, Ragan & Ragan was also provided with notice of Debtor's bankruptcy filing. The Law Offices of Ragan & Ragan has an address of 3100 Route 138 West, Wall, New Jersey, which is the same address used by the Bankruptcy Court to send notice of Debtor's bankruptcy discharge. (Please see Exhibit "10" as a copy of the Certificate of Service of Debtor's Discharge Order dated October 21, 2017 sent by the Bankruptcy Court to the Law Offices of Ragan & Ragan).

**FIRST COUNT**
**(VIOLATION OF THE DISCHARGE ORDER)**

32. The Plaintiff repeat and re-alleges the allegations set forth in the foregoing paragraphs with the same force and effect as if set forth at length.

33. Both Defendants' actions constitute a violation of the permanent Discharge

7

Injunction thereby violating 11 USC §524(a) of the Bankruptcy Code.

34. The Plaintiff has sustained actual damages in the form of emotional distress as a result of Defendants' actions.

## SECOND COUNT
### (VIOLATION OF THE ORDER CONFIRMING DEBTOR'S CHAPTER 13 PLAN)

35. The Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs with the same force and effect as if set forth at length.

36. Section § 1327(a) of the Code is unequivocal: "The provisions of a confirmed plan bind the debtor and each creditor, . . . whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). In *Celli v. First National Bank of Northern New York (In re Layo),* 460 F.3d 289 (2d Cir. 2006), the Second Circuit discussed the *res judicata* effect of orders confirming Chapter 13 plans, approvingly quoting from *Collier on Bankruptcy* which interpreted the language of § 1327(a):

> Upon becoming final, the order confirming a chapter 13 plan represents a binding determination of the rights and liabilities of the parties as ordained by the plan. Absent timely appeal, the confirmed plan is res judicata and its terms are not subject to collateral attack . . .
>
> The purpose of section 1327(a) is the same as the purpose served by the general doctrine of res judicata. There must be finality to a confirmation order so that all parties may rely upon it without concern that actions that they may later take could be upset because of a later change or revocation of the order.

*In re Layo,* 460 F.3d at 293 (quoting 8 *Collier on Bankruptcy* ¶ 1327.02 (15th ed. Rev.)).

"Under §1327, a confirmation order is *res judicata* as to all issues which were decided, or could have been decided at the hearing on confirmation." *Educational Credit Mgmt. Corp. v. Whelton (In re Whelton),* 299 B.R. 306, 314 (Bankr.D.Vt. 2003), aff'd, 432 F.3d 150 (2d Cir.

8

2005).

37. A Confirmation Order approves the terms of a Chapter 13 Plan. See 11 U.S.C. § 1325(a).

38. Section 1322(a) sets forth what a plan "shall" do, and subsections 1322(b)(1) – (10) catalogue what a plan "may" do, along with the so–called "catch–all" provision in subsection (b)(11) that permits a Chapter 13 Plan to "include any other appropriate provision not inconsistent with this title". 11 U.S.C. § 1322(a).

39. The Chapter 13 Plan as proposed by the Debtor/Plaintiff and as confirmed by this Court included the debt which is the subject of the attempted collection herein and gave no special treatment to Defendants.

40. The actions of the Defendants completely ignored and continue to ignore the confirmed Chapter 13 plan and the Confirmation Order.

41. As a result of the deliberate actions of the Defendant in ignoring the Chapter 13 plan and the Confirmation Order, the Plaintiffs have been damaged.

## THIRD COUNT
## (VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT)
## (15 U.S.C. 1692 et seq.)

42. The Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs with the same force and effect as if set forth at length.

43. Velocity Investment, a third-party collection agency, violated the FDCPA said violations that include, but are not limited to, the following:

   (a) Defendant, Velocity Investment, violated 15 U.S.C. 1692e(2) by failing to represent the legal status of the Plaintiff's debt as addressed in their Chapter 13 confirmed plan;

   (b) Defendant, Velocity Investment, violated 15 U.S.C. 1692f when it placed a legal order on Plaintiff's bank account.

44. The Law Offices of Fein, Such, Kahn & Shepard, a third-party debt collection agency, violated the FDCPA said violations that include, but are not limited to, the following:

(c) Defendant, Law Offices of Fein, Such, Kahn & Shepard, violated 15 U.S.C. 1692e(2) by failing to represent the legal status of the Plaintiff's debt as addressed in their Chapter 13 confirmed plan;

(d) Defendant, Law Offices of Fein, Such, Kahn & Shepard, violated 15 U.S.C. 1692f when it placed a legal order on Plaintiff's bank account.

45. As a result of the above violations of the FDCPA, Defendants, Velocity Investment and the Law Offices of Fein, Such, Kahn & Shepard is liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages and costs and attorney's fees.

**WHEREFORE**, the Debtor/Plaintiff, Inez Savage, demand judgment as follows:

(a) As to the First Count, as against Defendants, that this Court find demand for payment and the legal order placed on Plaintiff's personal bank account to constitute a separate and distinct violation of the permanent discharge injunction; and,

(b) As to the Second Count, as against Defendants, that this Court find each contact and/or demand for payment and the legal order placed on Plaintiff's personal bank account to constitute a separate and distinct violation of the Order Confirming the Debtor's Chapter 13 Plan and award enhanced actual and punitive damages, for each and every violation;

(c) As to the Third Count, as against Defendants, that this Court find that the legal order to garnish monies from Plaintiff's personal bank account constitutes a violation of the Fair Debt Collection Practices Act and award statutory damages;

(d) That this Court order a complete review of the bankruptcy and discharge injunction compliance efforts of the Defendants;

(e) That Plaintiff recover against the Defendants, all reasonable legal fees and expenses incurred by their attorney at attorneys' standard hourly rate of $325.00 per hour; and,

(f) That Plaintiff be granted such other and further relief as the Court may deem just and proper.

60. As a result of the above violations, Defendants, Velocity Investment and the Law Offices of Fein, Such, Kahn & Shepard are liable to the Plaintiff in the sum of Plaintiff's actual damages,

punitive damages, statutory damages and costs and attorney's fees.

Dated: May 9, 2019

                                        LAW OFFICES OF LEE M. PERLMAN

                             By: */s/Lee M. Perlman*
                                        LEE M. PERLMAN, ESQ.
                                        *Attorney for Plaintiffs*
                                        1926 Greentree Road, Suite 100
                                        Cherry Hill, NJ 08003
                                        Tel:  856-751-4224
                                        Fax:  888-635-5933
                                        lperlman@newjerseybankruptcy.com